```
            IN THE UNITED STATES DISTRICT COURT
               WESTERN DISTRICT OF ARKANSAS
                    FAYETTEVILLE DIVISION
```

**UNITED STATES OF AMERICA**                                                **PLAINTIFF**

        v.                    07-CR-50033-002

**JUAN CARLOS SANCHEZ-PEREZ**                                                **DEFENDANT**

## O R D E R

Now on this 3rd day of April, 2007, comes on for consideration defendant's **Financial Affidavit In Support Of Request For Attorney, Expert Or Other Court Services Without Payment Of Fee** (filed March 28, 2008), as well as a letter from defendant asking for copies of all letters, docket sheets, orders and pleadings in this case and asking the Court "to respond to my Attorney Janet Spencer refusing to file my appeal" (docketed as document #70).

Pursuant to the Court's Criminal Justice Act Plan (the "Plan") instituted as required by **18 U.S.C. §3006A**, legal representation is furnished at public expense to persons charged with felony crimes who are "financially eligible." The purpose of completing a Financial Affidavit is to obtain such representation, and the Financial Affidavit is treated as a motion for relief under the Plan.

The cited statute does not define the term "financially eligible," but the corresponding term "financially unable to obtain counsel" is defined in the Plan, as follows:

A person is "financially unable to obtain counsel"

>within the meaning of this Plan if his or her net financial resources and income are insufficient to enable him or her to obtain qualified counsel.

While defendant is now without funds to employ counsel, according to his Financial Affidavit, the Court finds that he does not fall into the category of those eligible for appointment of counsel under the Plan. That is because he is represented by retained counsel, Janet Spencer, who has not been allowed to withdraw from the case.

Defendant is unhappy with Spencer because, he says, she refused to file a Notice of Appeal on his behalf. However, defendant filed a Notice of Appeal on his own behalf, and the matter is moving forward. Notwithstanding the filing of the *pro se* Notice of Appeal, Spencer continues to represent defendant. Nor is this Court empowered to allow her to withdraw, even if she were to move for such relief, which she has not. The **Eighth Circuit Plan To Expedite Criminal Appeals** provides that

>[d]efendant's trial counsel, whether retained or appointed, shall represent the defendant on appeal. A motion to withdraw will not be granted absent unusual circumstances. Counsel seeking to withdraw should file a motion to withdraw identified as a court of appeals pleading with the district court clerk when the notice of appeal is filed. The district court clerk shall forward the motion to the clerk of this court. The motion to withdraw, however, may be filed directly with the court of appeals. The clerk of this court may grant retained counsel's motion to withdraw only if another attorney has entered an appearance for the defendant, or if the motion states another attorney has agreed to represent the defendant and the defendant has consented to the appearance of the new attorney.

From the foregoing, it can be seen that defendant does not qualify for appointment of counsel under this Court's rules, because Spencer continues to represent him, and will do so unless and until relieved by the Eighth Circuit Court of Appeals. The Court, therefore, declines to act on the Financial Affidavit submitted by defendant, and further finds no basis to grant the relief requested in document #70.  Instead, it directs that attorney Spencer go forward with defendant's appeal, acquainting herself if necessary with the procedure outlined in **Anders v. State of California**, **386 U.S. 738 (1967)**.

The Court further notes that if defendant finds himself aggrieved by the performance of his attorney, he may find his remedy in **28 U.S.C. §2255.**

**IT IS THEREFORE ORDERED** that defendant does not qualify for appointment of counsel.

**IT IS FURTHER ORDERED** that defendant's retained attorney Janet Spencer go forward with his appeal.

**IT IS FURTHER ORDERED** that the relief requested by defendant in document #70 is **denied.**

**IT IS SO ORDERED.**

                               /s/ Jimm Larry Hendren
                               **JIMM LARRY HENDREN**
                               **UNITED STATES DISTRICT JUDGE**